UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                §
                                      §
Grace Denise Watkins                  §    Case No. 13-12303
                                      §
              Debtor(s)               §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   .  The undersigned trustee was appointed on              .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

  5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

  6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

  7. The Trustee's proposed distribution is attached as **Exhibit D**.

  8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

  The trustee has received $ _____ as interim compensation and now requests a sum of $ _____, for a total compensation of $ _____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ _____, and now requests reimbursement for expenses of $ _____, for total expenses of $ _____[2].

  Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/STEVEN R. RADTKE_____
            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1
### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Exhibit A

| Case No: | 13-12303 JSB | Judge: | Janet S. Baer | Trustee Name: | STEVEN R. RADTKE |
|---|---|---|---|---|---|
| Case Name: | Grace Denise Watkins | | | Date Filed (f) or Converted (c): | 03/26/2013 (f) |
| | | | | 341(a) Meeting Date: | 05/20/2013 |
| For Period Ending: | 06/22/2015 | | | Claims Bar Date: | 05/02/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 515 N. Lawler Chicago Il 60644 2Flat | 55,000.00 | 0.00 | | 0.00 | FA |
| 2. Charter One Bank | 400.00 | 0.00 | | 0.00 | FA |
| 3. Savings Account Charter One | 35.00 | 0.00 | | 0.00 | FA |
| 4. Bedroom Furniture. | 100.00 | 0.00 | | 0.00 | FA |
| 5. Clothing | 500.00 | 350.00 | | 0.00 | FA |
| 6. Costumes Jewelry | 100.00 | 0.00 | | 0.00 | FA |
| 7. Car Accident 11/19/2012, Claim Against Uninsured Motorist (D | Unknown | 1.00 | | 85,250.00 | FA |
| 8. 2012 Chevrolet Malibu Lt (In Daughter's Possession) | 18,000.00 | 0.00 | | 0.00 | FA |
| 9. 2000 Lincoln Executive Town Car. Over 100,000 Miles | 2,825.00 | 425.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets
TOTALS (Excluding Unknown Values)          $76,960.00          $776.00          $85,250.00          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee settled PI case; Trustee preparing Trustee's Final Report

Initial Projected Date of Final Report (TFR): 12/31/2015      Current Projected Date of Final Report (TFR): 12/31/2015

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

Case No: 13-12303
Case Name: Grace Denise Watkins
Taxpayer ID No: XX-XXX9349
For Period Ending: 06/22/2015

Trustee Name: STEVEN R. RADTKE
Bank Name: Associated Bank
Account Number/CD#: XXXXXX5687
Checking
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/26/15 | 7 | Illinois Farmers Insurance Company<br>Pocatello Service Center<br>2500 South Fifth Avenue<br>Pocatello, ID 83204 | Settlement proceeds from personal injury claim | 1142-000 | $85,250.00 | | $85,250.00 |
| 06/02/15 | 1001 | Larry L. Fleischer and the Law Offices of Larry L. Fleischer<br>205 West Randolph Street<br>Suite 2200<br>Chicago, IL 60606 | Special Counsel to Trustee Fees per order of Court dated 4/14/15 | 3210-000 | | $28,416.38 | $56,833.62 |
| 06/02/15 | 1002 | Larry L. Fleischer and the Law Offices of Larry L. Fleischer<br>205 West Randolph Street<br>Suite 2200<br>Chicago, IL 60606 | Special Counsel to Trustee Expenses per order of Court dated 4/14/15 | 3220-000 | | $49.15 | $56,784.47 |
| 06/02/15 | 1003 | Illinois Department of Healthcare and Family Services<br>Bureau of Collections<br>401 South Clinton, 5th Floor<br>Chicago, IL 60607 | Payment of Medicaid Lien pursuant to order of Court dated 4/14/15; Case No. 93-237-0000MA2089 | 4220-000 | | $2,700.00 | $54,084.47 |
| 06/02/15 | 1004 | Grace Denise Watkins<br>5403 West Iowa<br>Chicago, IL 60651 | Debtor's Exemption in proceeds of personal injury settlement | 8100-002 | | $15,000.00 | $39,084.47 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $85,250.00 | $46,165.53 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $85,250.00 | $46,165.53 |
| Less: Payments to Debtors | $0.00 | $15,000.00 |
| Net | $85,250.00 | $31,165.53 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*                                         Page Subtotals:        $85,250.00        $46,165.53

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5687 - Checking | $85,250.00 | $31,165.53 | $39,084.47 |
| | $85,250.00 | $31,165.53 | $39,084.47 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $85,250.00 |
| Total Gross Receipts: | $85,250.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-12303  
Debtor Name: Grace Denise Watkins  
Claims Bar Date: 5/2/2014  

Date: June 22, 2015

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $5,833.77 | $5,833.77 |
| 100 2200 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $9.92 | $9.92 |
| 100 3110 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $2,962.50 | $2,962.50 |
| 100 3120 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $85.80 | $85.80 |
| 1 300 7100 | Quantum3 Group Llc As Agent For<br>Comenity Bank<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $108.71 | $108.71 |
| 2 300 7100 | Quantum3 Group Llc As Agent For<br>Comenity Bank<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $192.53 | $192.53 |
| 3 300 7100 | Quantum3 Group Llc As Agent For<br>Comenity Bank<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $299.89 | $299.89 |
| 4 300 7100 | N. A. Capital One<br>Capital One, N.A.<br>Po Box 71083<br>Charlotte, Nc 28272-1083 | Unsecured | | $0.00 | $406.54 | $406.54 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 13-12303  
Debtor Name: Grace Denise Watkins  
Claims Bar Date: 5/2/2014

Date: June 22, 2015

| Code# | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 5 300 7100 | Pyod, Llc Its Successors And Assigns As Assignee Of Fnbm, Llc Resurgent Capital Services Po Box 19008 Greenville, Sc 29602 | Unsecured | | $0.00 | $170.83 | $170.83 |
| 6 300 7100 | Capital Recovery V, Llc C/O Recovery Management Systems Corporat 25 Se 2Nd Avenue Suite 1120 Miami Fl 33131-1605 | Unsecured | | $0.00 | $744.51 | $744.51 |
| 7 350 7200 | City Of Chicago Department Of Revenue C/O Arnold Scott Harris Pc 111 W Jackson Ste. 600 Chicago, Il 60604 | Unsecured | | $0.00 | $1,620.28 | $1,620.28 |
| 8 350 7200 | Commonwealth Edison Company 3 Lincoln Center Attn: Bankruptcy Department Oakbrook Terrace, Il 60181 | Unsecured | | $0.00 | $4,102.19 | $4,102.19 |
| 9 350 7200 | Douglas Knight & Associates Po Box 10517 Attn: 149594 Bradenton, Fl 34282 | Unsecured | | $0.00 | $3,933.45 | $3,933.45 |
| | Case Totals | | | $0.00 | $20,470.92 | $20,470.92 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-12303
Case Name: Grace Denise Watkins
Trustee Name: STEVEN R. RADTKE

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: STEVEN R. RADTKE | $ | $ | $ |
| Trustee Expenses: STEVEN R. RADTKE | $ | $ | $ |
| Attorney for Trustee Fees: STEVEN R. RADTKE | $ | $ | $ |
| Attorney for Trustee Expenses: STEVEN R. RADTKE | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 2 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 3 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 4 | N. A. Capital One | $ | $ | $ |
| 5 | Pyod, Llc Its Successors And Assigns As Assignee | $ | $ | $ |
| 6 | Capital Recovery V, Llc | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance                                              $_____

Tardily filed claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be          percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 7 | City Of Chicago Department Of Revenue | $ | $ | $ |
| 8 | Commonwealth Edison Company | $ | $ | $ |
| 9 | Douglas Knight & Associates | $ | $ | $ |

Total to be paid to tardy general unsecured creditors    $_____

Remaining Balance    $_____

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of      % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $      . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $         .